IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:    3:09cr6/MCR
                                                       3:12cv538/MCR/EMT

ADAN JUAREZ

---

## ORDER, AMENDED REPORT AND RECOMMENDATION

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, including a memorandum in support in November of 2012 (doc. 202). After review of the record, this court entered a recommendation that Defendant's motion be summarily dismissed as untimely (doc. 203). Defendant wrote a letter to the court which was treated as an objection to the report and recommendation (doc. 204). The district court remanded the case to the undersigned for consideration of the grounds for equitable tolling asserted for the first time in Defendant's objection (doc. 205). This court then entered an order directing Defendant to submit evidence and argument in support of his position (doc. 206). Defendant has now filed his response (doc. 207), and this case is again before the court upon Defendant's motion to vacate, set aside or correct sentence (doc. 202). For the sake of completeness, the court's previous recommendation will be vacated and superseded by the instant amended report and recommendation, which is complete in and of itself.

BACKGROUND and DISCUSSION

On April 27, 2009, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine; possession with intent to distribute 500 grams or more of cocaine; using, carrying or possessing a firearm during a drug trafficking crime; and

possession of a firearm by a convicted felon (docs. 94, 95).[1]  On May 5, 2009, he filed a motion to withdraw his guilty plea and appoint new counsel based on alleged "lies" of counsel regarding his desire to pursue a motion to suppress (doc. 107).  This motion was denied after a hearing (docs. 110, 117).  Co-Defendant Alejandro Infante Chavez filed a motion to suppress in which Defendant joined, and this motion was denied at a hearing held on May 11, 2009 (docs. 114, 116).  The court subsequently sentenced Defendant to a total sentence of 150-months imprisonment, and judgment was entered on July 22, 2009 (*see* docs. 154, 159).  Defendant did not appeal, and he did not file anything further until he filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on November 1, 2012.[2]

Defendant raises two grounds for relief in his § 2255 motion.  First, he asserts that counsel was constitutionally ineffective for his failure to file an appeal (doc. 202 at 4).  Second, he contends that counsel was ineffective because counsel failed to challenge the use of a prior conviction to enhance Defendant's sentence (*id.* at 5).

Defendant's supporting memorandum includes a section titled "Timeliness and Procedural Bar" (doc. 202 at 14–15).  In this section of the motion, Defendant asserts that his motion is timely because his procedural default was "the direct result of counsel's ineffectiveness" (*id.* at 14).  He asserts that he has established the requisite cause and prejudice due to counsel's failure to file an appeal, which constituted abandonment of Defendant and his cause (*id.* at 14, 15).

This court initially recommended that Defendant's § 2255 motion be dismissed as untimely, because the motion was filed over three years after Defendant's conviction and sentence became final (doc. 203).  The court specifically addressed Defendant's attempt to excuse his untimely filing, noting that the case upon which he relied, Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), was both factually and procedurally inapposite, and it was decided on March 20, 2012, well after Defendant's deadline for filing a timely § 2255 motion (doc. 203 at 2).  The court also concluded that Defendant had failed to establish "extraordinary circumstances" that would justify the

---

[1] No transcript of the proceedings was prepared.

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

application of equitable tolling, a burden that is his only to meet. *See* Johnson, 340 F.3d 1219, 1226 (11th Cir. 2003); Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002). The court noted that through the exercise of ordinary diligence, Defendant could have easily ascertained whether counsel filed the appeal, as requested, and timely filed his § 2255 motion. Similarly, Defendant knew at the time of sentencing that counsel failed to challenge the use of a prior conviction to enhance his sentence, but he nonetheless waited more than three years after his sentencing to raise the claim in the instant § 2255 motion (doc. 203 at 3).

Defendant filed an "objection" to the court's recommendation of dismissal in which he claimed for the first time, that at the time of sentencing, July 22, 2009, and through May 29, 2012, he was under the influence of lithium, which had been prescribed for his bipolar disorder (doc. 204 at 2). He stated that during this time, he "strongly belived [sic] and trusted in [his] counsel [sic] words" (*id.*), and he asked for the opportunity to show how the medication affected his thinking and presumably his ability to timely file his § 2255 motion (*id.* at 3). Additionally, in his objection Defendant sought an unspecified extension of time to obtain copies of his medical records from Santa Rosa County Jail and Okaloosa County Jail and to prove that the medication in question affected his state of mind (doc. 204 at 3). The court granted this request and afforded him forty-five days to submit any evidence or argument he wished in support of his position that equitable tolling should apply in this case, and advised Defendant that it would issue an amended report and recommendation after consideration of his response. Defendant has now filed a response in which he indicates that he has attempted to contact both the Okaloosa County Jail and the Santa Rosa County Jail by mail, but has received no response (doc. 207). He asks the court to proceed on the record before it, and states that he still argues that at the time he was under the influence of lithium and that he believed counsel when counsel said he would appeal Defendant's sentence (doc. 207 at 2). Defendant also states that the courts are aware of his bipolar diagnosis and of the fact that he stopped taking lithium due to insomnia, and that this insomnia caused him to find it difficult to remember events during the day (*id.*).

Record Before the Court

Because there was no direct appeal in this case, the court has not been able to review transcripts of either the sentencing proceeding or the plea colloquy, where inquiry is typically made into a defendant's mental health. The court has reviewed the pre-sentence report ("PSR"), and the discussion of Defendant's mental health contained therein, which reflects that Defendant attempted suicide in October of 2007 by cutting his left wrist (PSR at ¶ 127). Although he did not seek medical attention for the injury, when Defendant was incarcerated a week later a nurse at the Okaloosa County Jail noticed the recent cut and referred him to a psychiatrist (*id.*). The psychiatrist diagnosed depression and bipolar disorder and prescribed lithium (*id.*). Defendant reportedly discontinued the medication after three months because it caused insomnia (*id.*). Defendant stated that he never took medication for any mental health conditions outside of jail (*id.* at ¶ 129), and that he failed to seek recommended treatment during a brief period when he was released (*id.* at ¶ 134). Diagnostic evaluations in November of 2007 and May of 2009 at two facilities separately yielded the conclusion that Defendant has bipolar disorder (*id.* at ¶¶ 132, 134).

Analysis

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000). In this case, Defendant's conviction and sentence became final when this fourteen-day period expired, on August 5, 2009. Therefore, to have been timely filed, his § 2255 motion had to be filed no later than August

5, 2010. Defendant's motion, which was filed more than three years after his conviction became final, is facially untimely.

As noted in the court's first recommendation, Defendant attempts to excuse his untimely filing by stating that he relies on <u>Martinez v. Ryan</u>, ___ U.S. ___, 132 S. Ct. 1309 (2012) (doc. 202 at 14–15). <u>Martinez</u>, however, addressed the issue of procedural default based on ineffective assistance of habeas counsel in a state habeas proceeding, and as such it is inapplicable to federal convictions and has no effect on the timeliness of Defendant's submission. <u>Martinez</u>, 132 S. Ct. at 1319. Furthermore, <u>Martinez</u> was decided on March 20, 2012, well after Defendant's deadline for filing a timely § 2255.

Therefore, unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." <u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones</u>, 304 F.3d at 1039–40; <u>Drew</u>, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. <u>Johnson</u>, 340 F.3d at 1226, <u>Jones</u>, 304 F.3d at 1040.

Determination of Defendant's entitlement to equitable tolling is a fact-specific inquiry, in which Defendant must "establish a causal connection between his alleged mental incapacity and his ability to file a timely [mo]tion." <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Mental incompetence can be an extraordinary circumstance beyond a prisoner's control that might justify equitable tolling. *See, e.g.,* <u>Roberts v. Marshall</u>, 627 F.3d 768 (9th Cir. 2010) (*citing* <u>Laws v. Lamarque</u>, 351 F.3d 919, 923 (9th Cir. 2003)); *but see* <u>Meadows v. Jacquez</u>, 242 F. App'x 453, 455 (9th Cir. 2007) (alleged mental illness was not an extraordinary circumstance requiring equitable tolling where state prisoner was able to file mandamus petition to compel production of full medical records during the time she claimed entitlement to equitable tolling). Conversely, the fact that Defendant was taking psychotropic medication on a regular basis

for a time period after his sentencing, may be evidence of his **competency**, rather than evidence of **incompetency**.  *See* Ivanovic v. McNeil, No. 08-62068, 2010 WL 520601 (S.D. Fla. Feb. 10, 2010) (noting that medicated defendant's responses and demeanor at the plea proceeding and the trial court's acceptance of the plea all weighed in favor of a finding of competence).  Absent evidence that illness or medications prevented timely assertion of claims, equitable tolling will not apply. Fogle v. Slack, 419 F. App'x 860, 866 (10th Cir. 2011); *see also* Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); Collins v. Scurr, 230 F.3d 1362 (8th Cir. 2000) (finding that bald and unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations).  Finally, an evidentiary hearing is not needed to dispose of this claim.  *See* Roberts, 627 F.3d at 773 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence); Laws, 351 F.3d at 924 ("Of course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.").

In this case, Defendant has failed to establish either his mental incapacity or a causal connection between this alleged mental incapacity and his ability to file a timely motion, as required by Lawrence v. Florida, *supra*, despite having been afforded additional time in which to do so.  Even if he had presented medical records showing that he was (or was not) taking lithium at a particular time, this in and of itself does not prove entitlement to equitable tolling.  If, as Defendant appears to suggest in his objection, he was taking lithium at the time of the criminal proceedings, the fact that the district court found him competent to proceed certainly weighs against his suggestion that he is now entitled to equitable tolling of the one year statute of limitations for filing a § 2255 motion. *See* Ivanovic, *supra*.  Finally, Defendant's assertion that the lithium he was taking caused him insomnia which clouded his daytime thinking is not the sort of "extraordinary circumstance" that would warrant application of the equitable tolling doctrine.  *See, e.g.,* Johnson, Fogle, Fisher,

<u>Collins</u>, *supra.* He has failed to meet his burden of showing that he is entitled to this extraordinary relief. Therefore, the court concludes that his § 2255 motion is both facially and actually untimely.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 Rule 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The court's recommendation entered on November 13, 2012 (doc. 203) is **VACATED and SUPERSEDED** by this amended recommendation.

And it is respectfully **RECOMMENDED:**

1.      The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 202) be summarily **DISMISSED** as untimely.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31st day of January 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**